UNITED STATES DISTRICT COURT                          NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
                                                    X

MARIE L. BANKS,

                        Plaintiff,
                                                          MEMORANDUM
            - against -                                   AND ORDER
                                                          15-CV-1078 (JG)(VMS)
MR. SCHUMER, Building Manager; EMS;
COMMUNITY ARMY 81ST PRECINCT;
SUPERINTENDANT KNOWN AS TONI,

                        Defendants.
                                                    X

John Gleeson, United States District Judge:

            On February 17, 2015, Plaintiff Marie L. Banks filed this *in forma pauperis* action

*pro se* seeking damages.  I grant Ms. Banks's request to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915 solely for the purpose of this Order.  For the reasons set forth below, the

complaint is dismissed.

                                    BACKGROUND

            Although Ms. Banks's complaint is hard to understand,[1] the following overall

sketch can be gleaned from it.  Ms. Banks distrusts the superintendent at her current residence,

and she feels that he is "deeply involved in harassing me by break-in, disappearance of my

papers, my clothes, tampering with my food, my medication, he is assigned daily to do my

execution."  Compl., ECF No. 1 at 2.  Her telephone calls to the building manager, defendant

Schumer, have not relieved her anxiety, nor have her contacts with the police precinct near her

---

[1]         For example, the complaint states, "Hacking on my information-Narcotic agent bribed by Haitian
who kidnapped me in 1997 to repossess my property said: she used to live on Long Island, she is on drug she is on
Identification thief-made a deal with superintendent."  Compl., ECF No. 1 at 1.  Later on, Ms. Banks alleges, "I
understand that associated with the criminals from Haiti, he wants to rule, take over the building own by the Jewish
landlord, the church army crusade on human sacrifice said the Battle is for the land."  *Id.* at 4.

home, which she refers to as the "Community Army 81 Precinct" or the "Bedford Stuyvesant Army." *Id.* at 1, 3. She seeks damages.

DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (quotations and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (quotations and citations omitted); *Ally v. Sukkar*, 128 Fed. App'x 194, 195 (2d Cir. 2005) ("Although we construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (citations omitted).

2

An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).  In *Denton v. Hernandez*, 504 U.S. 25 (1992), the Supreme Court noted that:

> the *in forma pauperis* statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Denton*, 504 U.S. at 32 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.* at 33.  I find that Ms. Banks's barely-comprehensible allegations fail to state a claim.  Her complaint lacks an arguable basis in law.

## CONCLUSION

Accordingly, the *pro se* complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Any state law claims which Ms. Banks may be seeking to raise are dismissed without prejudice.  I certify under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.


John Gleeson, U.S.D.J.


Dated: Brooklyn, New York
     April 28, 2015